574

FLUID SYSTEMS, Incorporated,
Plaintiff,

v.

GREAT LAKES EQUIPMENT COM-
PANY, Defendant.

Civ. No. 27090.

United States District Court,
N. D. Ohio, E. D.

June 15, 1953.

See also D. C., 98 F.Supp. 220.

Edmond M. Bartholow, New Haven, Conn., William E. Williams, Cleveland, Ohio, for plaintiff.

Geo. V. Woodling, Bruce B. Krost, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Plaintiff seeks an injunction for alleged infringement of its Patent No. 2,224,403. At the close of the proofs, plaintiff's counsel waived any right the plaintiff might have for damages. The defendant, by answer, denies validity and infringement of the plaintiff's patent. It also, by counterclaim, seeks a declaratory judgment upon the same grounds as in its answer, dismissal of the plaintiff's complaint is asked. Also by amended counterclaim, defendant charges the plaintiff with misuse of its patent in several respects, including violation of the anti-trust laws of the United States, and prays for injunction against such alleged conduct, but has offered no evidence in support of its claim for damages. By separate answer to defendant's counterclaims, plaintiff moves for dismissal of both.

The parties are familiar with the facts and the issues, so recently heard, and orally argued, and it will be sufficient briefly to summarize my views and reaction to the questions presented.

Plaintiff charges infringement of three claims only of its Letters Patent, Nos. 4, 14 and 15. The first is for a method; the other two reveal a combination for the operation of its thermal electric system for transportation of heavy fuel oil from storage tank to burner and return.

Certainly, the plaintiff has established by evidence of compelling force that its system has unique advantages for electrically heating heavy fuel oil for transportation from storage to burner in excess quantities and its return to storage without diffusion with the colder oil in the tank. This, the defendant asserts, however, is a broader coverage than plaintiff is entitled for its claims.

While, as is conceded, many parts of the plaintiff's system as sold and installed are old, as shown in the various prior art evidence, yet its system, which accomplishes successfully and dependably the transportation of heavy fuel oil, is unique in its field, and as I think entitled to protection as exhibiting novelty and utility as a thermal electric system with desirable advantages over the well-known conventional systems.

■ Transformers, suction pumps, transportation pipes, heated for the purpose of reducing viscosity of material to be transported, and for reducing friction and increasing flowability, must be held to be old, and some heating systems are disclosed of a seeming anticipatory character in their respective arts. But this is a combination patent for transporting viscus fuel oil, electrically heated, not an aggregation of such parts or elements as mentioned above, but constituting a unified system with novel characteristics not theretofore disclosed in the prior art giving the plaintiff's system an unusually new, and certainly a useful, economic means or method for successfully transporting heavy fuel oil from storage to burner with return of excess to storage.

True it is, that a number of the parts forming the plaintiff's system as installed were, as I have stated, old and unpatented; but I do not understand that old elements may not be used in a combination where such combination produces a new, better and useful application and result.

■ With all the recent and current judicial attacks and criticism as to the patentability of many litigated patents, I choose to adhere to the rule that the evidential presumption of validity which goes with the patent issue, places a heavy burden upon the challenging infringer. In the sharp competitive field in which modern patented articles of manufacture and process, or method, so often figure, there is a strong urge to make use of what someone else has thought about first. What was not known or recognized as a new and useful idea, readily and quickly becomes obvious upon disclosure by someone else.

Although, as has been said, some elements of the combination which contribute to the essential novelty of the plaintiff's system are old, nevertheless the requirement that they be fitted to the design and purpose of the system, justifies their use as part of the installation and successful operation of the thermal electric system as a unit.

I am satisfied that the manner in which the proofs show the plaintiff combines unpatented elements into its completed system, does not offend judicial rulings against extension of the patent monopoly.

The growth of the plaintiff's business following the interruption of the war has been impressive, and if there were doubt as to the inventive quality of the patent claims in suit, such public acceptance and commercial success would go far to resolve it; and the tribute paid by the defendant in adopting, in modified form, the system of the plaintiff, in great part gives considerable support to validity. Lines improved on the more pertinent of the cited anticipatory devices relied upon by the defendant.

■ It is pretty generally understood that a purchaser desiring the plaintiff's system also wishes to have the installation such that the best performance and result will be obtained. Such purchaser probably has no interest in what transformer or other piece of equipment goes into the construction. If he is anxious only to get a satisfactory and successful installation of the plaintiff's product, and has no choice, interest, or desire respecting the specification of the type of transformer or piece of equipment, I fail to see how he thus is required or compelled to buy non-patented parts to get the use of the patented system, in contravention to the practice judicially frowned upon, as not within the monopoly of the patent. The parts of the system are not sold at a price per piece of equipment, but the system

**576**

is specified and quoted as a complete unit and installation.

The broad and lengthy charges levelled by the defendant against patentability and misuse by the plaintiff of its electrically heated transportation system, are not justified and are not, in my opinion, established. There is no evidence that the plaintiff by its course of business attempted, or intended to obtain a monopoly in the sale and installation of the unpatented parts of its combination system.

The net result of the defendant's system, according to statements of its counsel, is that by withholding electrical heating from the pipes extending into the storage tank, its usefulness may be impaired, but safety from fire or explosion is assured.

But I think the modification is purposefully adopted with the view of escaping infringement by pressing for a limited and restricted construction of the plaintiff's claims. The modification furnishes the defendant's argument of noninfringement, if the plaintiff's patent claims should be held valid. However, it admits that its installation, with its modification does not have the advantages of plaintiff's system under all circumstances.

It is my opinion that the plaintiff's patent is valid and infringed as to claims 4, 14 and 15.

Accordingly, an order for judgment for the plaintiff, and a permanent injunction against the defendant may be entered. Defendant's motions for judgment at the close of plaintiff's case and at the conclusion of all the evidence, will be denied; the counterclaim of the defendant for declaratory judgment and other relief will be dismissed, as well as the defendant's counterclaim charging misuse and violation of the anti trust laws.

Costs will be assessed against the defendant.

Filed herewith are findings of fact and conclusions of law which may be entered in support of the judgment.